**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHERI L. ADRIANO, | Case No. 3:18-CV-12854(BRM) |
| Plaintiff, | |
| v. | |
| | **OPINION** |
| ANDREW SAUL,<br>Commissioner of Social Security, | |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Sheri L. Adriano's ("Adriano") appeal from the final decision of Andrew Saul, Commissioner of Social Security ("Commissioner"),[1] denying her application for Social Security Disability Benefits. Having reviewed the administrative record and the submissions filed in connection with the appeal pursuant to Local Civil Rule 9.1, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, the Court **REMANDS** this Matter for the ALJ to undertake the required analysis in step three of considering whether Adriano's fibromyalgia impairment by itself or in combination with her other impairments meets or is medically equal to Listing 14.09D for inflammatory arthritis.

---

[1] Upon the Appeals Council's Order denying Adriano's request for a review of the decision of Administrative Law Judge Kenneth Ayers ("ALJ"), the ALJ's decision became the final decision of the Commissioner.

1

I.   **BACKGROUND**

   **A. Procedural History**

Adriano filed an application for supplemental security income on May 16, 2014, alleging a disability that began January 20, 2014. (ALJ Hearing Decision, Tr. 14.)[2] This claim was denied on August 13, 2014. (Notice of Disapproved Claim, Tr. 78.) Adriano filed a timely request for reconsideration on October 20, 2014. (Notice of Request for Reconsideration, Tr. 83.) Upon reconsideration, the claim was again denied on May 9, 2015. (Notice of Reconsideration, Tr. 84.) On July 6, 2015, Adriano timely filed a written request for a hearing. (Request for Hearing, Tr. 152.) That hearing was held on May 12, 2017, in Newark, New Jersey before the Hon. Kenneth Ayers. (Hr. Trans., Tr. 30.) Adriano testified at that hearing. (*Id.*) Also testifying was Rocco J. Meola, an impartial vocational expert. (*Id.*) On August 4, 2017, Administrative Law Judge Ayers issued a decision concluding that Adriano "has not been under a disability within the meaning of the Social Security Act since May 16, 2014, the date the application was filed." (Tr. 11.) As such, Adriano was not entitled to disability insurance or SSDI benefits.

On August 24, 2017, Adriano timely filed a Request for Review of the ALJ's decision to the Appeals Council. (Balk Letter, Tr. 152-53).) On June 14, 2018, the Appeals Council denied Adriano's Request for Review, thereby becoming the final agency decision. (Notice of Appeals Council Action, Tr. 1.) Having exhausted her administrative remedies, Adriano filed an appeal to this Court on August 16, 2018. (Compl. (ECF No. 1).) This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

---

[2] The ALJ's Decision states that the alleged disability began October 1, 2014. According to the Disability Determination and Transmittal, the alleged onset date of disability is January 20, 2014. (Tr. 51.)

2

### B. Factual Background

Adriano was 41 years old on the date of her application, qualifying her as a "younger individual" pursuant to the Commissioner's regulations. (Tr. 21 (citing 20 C.F.R. § 416.963).) Adriano has at least a high school education and prior work experience as a stock clerk and retail store manager. (*Id.* 22; *see also* ECF No. 1 ¶ 4.) She "has not engaged in substantial gainful activity since filing her application for supplemental security income. (*Id.* 17.) She lives in an apartment with her younger daughter. (*Id.* 36.) While Adriano can "take care of all of her activities of daily living," she does experience difficulties in carrying out those tasks. (*Id.* 36-38; *see also id.* 19, 21.)

She had back surgery in 2008 to address injuries suffered when someone in a pyramid formation fell on her while she was conducting a cheerleading clinic. (*Id.* 37-38.) However, because that spinal surgery "occurred before the alleged onset date" it is considered nonsevere. (*Id.* 16.) Adriano returned to the work force in 2010, working at the grocery story ShopRite and then as a store manager at BlockBuster. (*Id.* 38.) In both jobs, she was on her feet for most of the day, receiving and lifting boxes and unloading trucks. (*Id.* 39.) In January 2014, Adriano worked at Market Star, a company that did work for Verizon Fios. (*Id.*) Adriano was injured when boxes containing cable equipment fell on her, hitting her in the neck and arm. (*Id.*) Adriano contends that since that injury she has been unable to work and unable to "even grab a remote . . . without having sharp, shooting pain going from my neck all the way down into my fingers where I still get numbness and tingling." (*Id.*) Adriano "has the following severe impairments: depressive disorder, anxiety disorder, rheumatoid arthritis and degenerative disc disease." (*Id.* 16.) She also

claims to have a nonfunctioning right kidney and fibromyalgia, the latter of which was diagnosed after the date of her application for disability benefits. (*Id.*)[3]

## II. STANDARD OF REVIEW

On a review of a final decision of the Commissioner of the Social Security Administration, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). The Commissioner's decisions regarding questions of fact are deemed conclusive by a reviewing court if supported by "substantial evidence in the record." 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citation omitted). Accordingly, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

---

[3] Adriano testified she was diagnosed with fibromyalgia in September 2014. (*See* Hr. Trans., Tr. 10.) The report of the diagnosing physician in September 2016 indicates Adriano was seen only once prior to that report, in March 2016. (Tr. 622.)

### III.     THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. §§ 423(d)(1)(A), 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Social Security Act establish a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920(a)(1). First, the ALJ determines whether the claimant has shown that he or she is not currently engaged in "substantial gainful activity." *Id.* §§ 404.1520(b), 416.920(b); *see Bowen v. Yuckert*, 482 U.S. 137, 146-47 n.5 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *See* 20 C.F.R. § 404.1520(b); *see also Bowen*, 482 U.S. at 140. Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Bowen*, 482 U.S. at 146-47 n.5. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). These activities include physical functions such as "walking, standing, sitting, lifting, pushing, pulling, reaching,

5

carrying, or handling." 20 C.F.R. § 404.1522(b)(1). A claimant who does not have a severe impairment is not considered disabled. 20 C.F.R. § 404.1520(c); *see also Plummer v. Apfel*, 186 F.3d 422, 427-28 (3d Cir. 1999).

Third, if the impairment is found to be severe, the ALJ then determines whether the impairment meets or is equal to the impairments listed in 20 C.F.R. Pt. 404, Subpt. P., App. 1 (the "Impairment List"). *See* 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that his or her impairments are equal in severity to, or meet those on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d); *see also Bowen*, 482 U.S. at 146-47 n.5. If the specific impairment is not listed, the ALJ will consider in his or her decision the impairment that most closely satisfies those listed for purposes of deciding whether the impairment is medically equivalent. *See* 20 C.F.R. § 404.1526(a). If there is more than one impairment, the ALJ then must consider whether the combination of impairments is equal to any listed impairment. *See* 20 C.F.R. § 404.1526(b)(3). An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams*, 970 F.2d at 1186.

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. *See* 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f); *see also Bowen*, 482 U.S. at 141. Step four involves three sub-steps: (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether

claimant has the level of capability needed to perform the past relevant work. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." *Hoyman v. Colvin*, 606 F. App'x 678, 679-80 (3d Cir. 2015) (quoting *Plummer*, 186 F.3d at 429). Unsupported diagnoses are not entitled to great weight. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Moreover, an administrative law judge must provide the reason for providing more or less weight to the evidence. *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

The claimant is not disabled if his RFC allows him to perform his past relevant work. *See* 20 C.F.R. § 416.920(a)(4)(iv). However, if the claimant's RFC prevents him from doing so, an administrative law judge proceeds to the fifth and final step of the process. *Id.* The final step requires the administrative law judge to "show [that] there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428. In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Id.* (citation omitted). Notably, an administrative law judge typically seeks the assistance of a vocational expert at this final step. *Id.* (citation omitted).

The claimant bears the burden of proof for steps one, two, and four. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). Neither side bears the burden of proof for step three "[b]ecause step three involves a conclusive presumption based on the listings." *Id.* at 263 n.2 (citing *Bowen*,

482 U.S. at 146-47 n.5). The commissioner bears the burden of proof for the fifth step. *See id.* at 263.

## IV. DECISION

Adriano argues that, in denying her disability and benefits, the ALJ erred by failing to properly assess, classify or consider her diagnosis of fibromyalgia as required in step two, by failing to determine a medical equivalent to her impairments from the Commissioner's list of impairments as required in step three, and by dismissing her subjective complaints of pain and limitations. (*See* Pls. Br. in Support of Appl. (ECF No. 21) at 10-11.) Adriano further contends the ALJ's determination of Adriano's RFC was "not based on substantial evidence or even on the ALJ's own assessments of [Adriano's] limitations," while the ALJ's hypothetical questioning of a vocational expert in step five failed to include all of Adriano's limitations. (*Id.* at 11.)

These failures can be seen, Adriano argues, in the ALJ's failure to indicate, after determining her fibromyalgia diagnosis is a medically determinable impairment, whether that fibromyalgia is a severe impediment. (*Id.* at 15.) Furthermore, Adriano contends, fibromyalgia "isn't mentioned in the step 3 listings medical equivalence discussion [sic] in combination with other impairments, and it plays no discernable role in the consideration of the RFC or the analysis of plaintiffs complaints of pain." (*Id.* at 15-16.) Adriano says these omissions mean the ALJ's decision fails to properly follow the Commissioner's Social Security Ruling 12-2p, which requires that, once a medically determinable impairment is established, "we then evaluate the intensity and persistence of the person's pain or any other symptoms and determine the extent to which the symptoms limit the person's capacity for work." (*Id.* at 22 (citing Social Security Ruling 12-2p, Titles II and XVI: Evaluation of Fibromyalgia, 2012 WL 3104869, at *5 (July 25, 2012).) Had the ALJ properly performed the step two analysis, Adriano contends, the

8

Commissioner would have concluded her impairments were collectively equivalent to a 14.09D Listing of repeated manifestations of inflammatory arthritis and therefore merited an award of benefits. (*Id.* at 27.)

The Commissioner calls the fibromyalgia complaints a red herring, arguing that the ALJ's assessment of Adriano's diagnosis was consistent with the evidence, specifically her treating physician's conclusion that "her fibromyalgia should not limit her ability to fully function." (*See* Def.'s Br. (ECF No. 22) at 9 (citing Dr. Morgan Report, Tr. 623).) It was Adriano's burden to show "fibromyalgia caused functional limitations that ALJ Ayers did not account for in his RFC finding," the Commissioner contends, and "Adriano has not met that burden." The same failure to carry the burden of proof, Commissioner argues, also is fatal to Adriano's claim that the ALJ failed to consider her impairments in concert. Adriano did not provide medical evidence that her degenerative disc disease is medically equal to 14.09D's "[r]epeated manifestations of inflammatory arthritis," the Commissioner argues, nor did she provide medical evidence of other symptoms required for 14.09D equivalence: severe fatigue, fever, malaise, or involuntary weight loss. (*Id.* at 11-12.) Instead, the Commissioner contends, Adriano "points to the subjective complaints of obsessive thoughts and low energy/motivation that she made to [her physician], not [her physician's] medical findings." (*Id.* at 12.)

It is apparent fibromyalgia is the fulcrum upon which Adriano's entire appeal rests. The failures she alleges in steps two, three and five of the evaluation process all center on her fibromyalgia and her allegation that the ALJ erred in denying her benefits because the ALJ failed to appropriately consider her fibromyalgia among the constellation of her claimed impairments. The Court disagrees with Adriano as to any failure by the ALJ at step two, but concludes the ALJ's inquiry in step three failed to consider Adriano's fibromyalgia in combination with her

other impairments. As a conclusion of disability as contemplated by one of the Commissioner's Listings would eliminate the need for steps four and five, and for the reasons explained below, the Court remands this matter for the ALJ to conduct that required review.

### A. **Step Two**

Adriano contends the ALJ correctly determined her fibromyalgia was a "medically determinable impairment" in step two, but the ALJ then failed to determine whether that impairment "is or is not a severe impairment, whether it causes any limitation or restriction in plaintiff's ability to perform basic work-related functions or whether [fibromyalgia] as an [medically determinable impairment] could reasonably be expected to cause pain or other symptoms that plaintiff alleges." The Court disagrees.

In step two, an ALJ must determine whether a claimant has demonstrated a "severe impairment" or a combination of impairments that together are severe. "According to SSR 12-2p, fibromyalgia is a medically determinable impairment if there is evidence which excludes other disorders which may cause similar symptoms, and the claimant suffers from: (a) a history of widespread pain that has persisted for at least three months; and (b) at least 11 tender points on physical examination in areas above and below the waist." *Friedman v. Berryhill*, 2019 WL 1418132, at *9 (D.N.J., 2019) (citing SSR 12-2P, 2012 SSR LEXIS 1, at *5-8 (S.S.A. July 25, 2012). In step two, the ALJ determined Adriano satisfied "the requirement for fibromyalgia to be considered a medically determinable impairment." (Tr. 17.) In step two, the ALJ does not list fibromyalgia among Adriano's severe impairments. (*Id.*) And while the ALJ does not state in the step-two analysis why fibromyalgia was not included among Adriano's severe impairments, the ALJ's step-four analysis makes clear why Adriano's fibromyalgia was not considered severe. It

10

is therefore incorrect to conclude, as Adriano does, that fibromyalgia "leaves the decisional scene for the balance of the analysis." (ECF No. 21 at 16.)

In step four, an ALJ is required to determine whether a claimant retains the RFC to perform their past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f); *Bowen*, 482 U.S. at 141. Here, an ALJ must make specific findings of fact as to the claimant's RFC; (2) must make findings of the physical and mental demands of the claimant's past relevant work; and (3) must compare the RFC to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work. *Burnett*, 220 F.3d at 120 (citations omitted).

In the step-four analysis, the ALJ quotes the conclusion of the doctor who diagnosed Adriano's fibromyalgia that this specific impairment "should not limit one's ability to fully function." (Tr. 20.) Pursuant to the Regulations, claimants are not considered to have a severe impairment if it "does not significantly limit their physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). It follows that, while the ALJ does not expressly state in section two his determination about the severity of her fibromyalgia, it is abundantly clear from the step-four analysis why the ALJ did not in step two determine that Adriano's fibromyalgia impairment was severe.

In the Third Circuit, an ALJ is required to set forth the reasons for a decision and cannot rely on a bare conclusory statement that an impairment did not match, or is not equivalent to, a listed impairment. *Burnett*, 220 F.3d at 119–20. An ALJ "need not utilize any particular format or 'magic words.'" *Jones v. Barnhart*, 364 F.3d 501, 504 (3d Cir. 2004). What is required is that the decision "read as a whole" must be capable of providing meaningful judicial review. *Id.* at 505. That means an ALJ's decision must demonstrate "sufficient development of the record and

11

explanation of findings to permit meaningful review." *Saich o/b/o N.E.S. v. Comm'r of Soc. Sec.*, No. 16-3346, 2017 WL 3718109, at *4 (D.N.J. Aug. 29, 2017) (citing *Jones*, 364 F.3d at 505).

The Court concludes from reading the ALJ's decision as a whole it is incorrect to argue the ALJ failed to make the determination about the severity of Adriano's fibromyalgia impairment required by step two. The ALJ's decision analyzed and evaluated relevant medical evidence to determine that while Adriano's RFC categorization was "less than the full range of sedentary work," her fibromyalgia "should not limit one's ability to fully function." (Tr. 20, 21 (citing Morgan Report, Tr. 623.) As an impairment is not considered to be severe as contemplated by 20 C.F.R. § 404.1520(c), which governs the step-two analysis, if it "does not significantly limit their physical or mental ability to do basic work activities," it is clear why the ALJ concluded Adriano's fibromyalgia was not a severe impediment.

This conclusion follows also from a reading of step two in the decision, where the ALJ expressly lists four severe impairments (depressive disorder, anxiety disorder, rheumatoid arthritis and degenerative disc disease) and then addresses the medical evidence for those four impairments in one paragraph. (Tr. 16.) In a separate paragraph, the ALJ reviews two further complaints: Adriano's "alleged fibromyalgia and a non-functioning right kidney." (*Id.* 16, 17) The ALJ concludes the kidney complaint is not established by objective medical evidence, but that Adriano "does satisfy the requirement for fibromyalgia to be considered a medically determinable impairment." (*Id.*)

This bifurcated consideration of Adriano's impairments parallels a report on Adriano's fibromyalgia by her treating physician, Suzana Morgan, M.D. In her September 2017 report, Dr. Morgan differentiates between Adriano's fibromyalgia and her chronic back pain. (Tr. 623.) Dr. Morgan states, "I am taking care of the fibromyalgia part of her illness, which in general should

not limit one's ability to fully function." (*Id.*) Dr. Morgan further stated, Adriano "may have limited ability to be engaged in gainful activities due to the chronicity of her condition," but that Adriano's back surgeon and pain-management specialist "can provide better assessment about her ability to perform certain activities based on their clinical judgment." (*Id.*)

The Court concludes that, though it was not expressly stated in step two, it is clear from reading the decision as a whole the ALJ did make a determination about the severity of the impairment required by step two, namely that her fibromyalgia was a "medically determinable impairment" though it was not a severe impediment as defined by § 404.1520(c) because Dr. Morgan concluded Adriano's fibromyalgia "should not limit one's ability to fully function." It is further clear this determination by the ALJ was grounded in the medical evidence contained in the record. Therefore, the Court concludes the ALJ did fulfill the step-two requirement of determining whether Adriano's fibromyalgia is a medical determinable impairment that is severe.

### B. Step Three

Adriano argues the ALJ failed to determine in step three whether Adriano's combination of impairments is severe enough to meet or medically equal the criteria of an impairment listed in 20 C.F.R. §§ 416.920(d), 416.925 and 416.926. Specifically, Adriano contends the ALJ failed to include fibromyalgia in her constellation of impairments. Instead, Adriano claims, the ALJ merely separately considered her spinal impairment and her rheumatoid arthritis impairment. Considering her impairments in combination, Adriano argues, would yield a conclusion that Adriano's impairments are the medical equivalent of the Commissioner's Listing 14.09D for inflammatory arthritis. (ECF No. 21 at 27.)

The Commissioner counters that a condition can be medically equal to a listed impairment only if "the medical findings are at least equal in severity and duration to the listed findings." (ECF No. 22 at 11 (citing 20 C.F.R. § 416.926(b).) The Commissioner contends Adriano did not meet her burden of providing evidence that her impairments singly or in concert are medically equal to a diagnosis of inflammatory arthritis. (*Id.* at 12.) The Court disagrees.

The ALJ determined Adriano's disc degeneration did not satisfy the requirements of Listing 1.04 for disorders of the spine because "the medical evidence does not support a finding of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis." (Tr. 17.)

The ALJ also determined Adriano's rheumatoid arthritis does not satisfy the requirements of Listing 14.09 because:

> there is no persistent inflammation or deformity resulting in an inability to ambulate effectively or perform fine and gross movements effectively. Nor is there involvement of two or more organs/body systems to at least a moderate level of severity with severe fatigue, fever, malaise or weight loss. There is also no spondyloarthropathies with anklyosis of the spine. Lastly, there are no constitutional symptoms or signs with marked limitation in activities of daily living, social functioning or completing tasks in a timely matter due to deficiencies in concentration, persistence or pace.

*(Id.)* However, Adriano's fibromyalgia is not considered in step three.

In general, Listing 14.09D covering inflammatory arthritis states:

> Clinically, inflammation of major peripheral joints may be the dominant manifestation causing difficulties with ambulation or fine and gross movements; there may be joint pain, swelling, and tenderness. The arthritis may affect other joints, or cause less limitation in ambulation or the performance of fine and gross movements. However, in combination with extra-articular features, including constitutional symptoms or signs (severe fatigue, fever, malaise, involuntary weight loss), inflammatory arthritis may result in an extreme limitation.

(20 C.F.R. pt. 404, Subpt. p App. 1, 14.09D(a).)

The regulations further state that listing-level severity for 14.09D is shown by

> various combinations of complications of one or more major peripheral joints or other joints, such as inflammation or deformity, extra-articular features, repeated manifestations, and constitutional symptoms or signs.

(20 C.F.R. pt. 404, Subpt. p App. 1, 14.09D(e)(iii).)

The Commissioner argues Adriano has not provided medical evidence that her degenerative disc disease is medically equal to the complications associated with inflammatory arthritis as defined by Listing 14.09D.

The Court observes that a report by Dr. Morgan, Adriano's fibromyalgia doctor, shows in a section titled "Review of Symptoms," that Adriano expressly denied in 2017 experiencing a variety of symptoms, including "fever" and "weight loss." Still, the regulations require the ALJ to consider Adriano's impairments not only on their own terms, but also in combination to determine if they meet or medically equal the severity of one of the listed impairments. A review of the decision does not indicate the ALJ ever considered whether Adriano's disc degeneration, rheumatoid arthritis and fibromyalgia in concert would meet or medically equal the severity of one of the listed impairments.

This stands in contrast to the ALJ's consideration of Adriano's mental impairments, where the ALJ's expressly stated that "the severity of the claimant's mental impairments, *considered singly and in combination*, do not meet or medical equal the criteria of listings 12.04 and 12.06." (Tr. 17 (emphasis added).) This in-combination review required at step three is significant because a finding of severity meeting or medically equaling the criteria of a listed impairment ends the analysis, as pursuant to 20 C.F.R. Pt. 404, Subpt. P, App. 1 that would give rise to a presumption of disability. Only the failure of finding such severity results in the ALJ

15

proceeding to step four. As the Third Circuit stated in *Burnett*, the failure at step three to identify the relevant listed impairments, to discuss the evidence, or explain the reasoning constitutes error requiring remand. *See Burnett*, 220 F.3d at 119.

In the Third Circuit, an ALJ is not required to "use particular language or adhere to a particular format in conducting [her] analysis." *Jones*, 364 F.3d at 505. Rather, the decision "read as a whole" must be capable of providing meaningful judicial review. *Id.* Here, the ALJ did not consider whether Adriano's fibromyalgia constituted an impairment medically equivalent to Listing 14.09D. By itself the Court could consider this harmless error, because the ALJ's decision read as a whole makes clear the ALJ did not consider Adriano's fibromyalgia to limit Adriano's functionality. However, the ALJ's decision expressly notes that at step three Adriano's impairments are to be considered singly and "in combination." (Tr. 17.) The ALJ's decision does not consider Adriano's impairments "in combination."

There is no entry for fibromyalgia in the Social Security Administration's Listing of Impairments. *See* 20 C.F.R. Pt. 404, Subpt. P, "Listing of Impairments." And, rheumatoid arthritis, which is listed as one of Adriano's impartments, can cause symptoms similar to fibromyalgia. *Friedman v. Berryhill*, 2019 WL 1418132, at *10 (D.N.J., 2019) (citing *Siggelow v. Colvin*, No. 15-1308, 2016 WL 829749, at *1, at *3 (M.D. Pa. Mar. 3, 2016) (noting that "fibromyalgia is often considered an arthritis-like condition" and "[l]ike arthritis, . . . [it] can cause significant pain and fatigue, and it can interfere with a person's ability to carry on daily activities.") The possibility exists that Adriano's diagnosed rheumatoid arthritis, which the ALJ determined does not meet or is medically equal to the Listing 14.09D for inflammatory arthritis could meet or be medically equal to Listing 14.09D when considered in combination with Adriano's diagnosed fibromyalgia.

16

The ALJ performed this "singly or in combination" review for his inquiry into the severity of Adriano's mental impairments for listings 12.04 and 12.06. But there is no indication the ALJ considered whether Adriano's "medically determinable impairment" of fibromyalgia, either singly or in combination with her rheumatoid arthritis, would satisfy the requirements of Listing 14.09 for inflammatory arthritis. As the Third Circuit made clear in *Burnett*, this failure constitutes error that requires remand. *Burnett*, 220 F.3d at 119.

### C. Steps Four and Five

Having determined that the error in step three requires remand, it is not necessary for the Court to review steps four and five.

### V. CONCLUSION

For the reasons set forth above, the Court vacates the decision of the ALJ and **REMANDS** this matter to the ALJ for further proceedings.

**Date:** July 31, 2020  */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**