NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHERI L. ADRIANO,

        Plaintiff,

        v.

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

Case No. 3:18-cv-12854 (BRM)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Reconsideration (ECF No. 26) filed by Andrew Saul, Commissioner of Social Security (the "Commissioner") pursuant to Local Civil Rule 7.1, seeking reconsideration of the Court's July 31, 2020 Opinion and Order (ECF Nos. 23 and 24), which vacated and remanded the final decision of the Commissioner denying Plaintiff Sheri L. Adriano's ("Adriano") application for Social Security Disability Benefits. Adriano opposed the motion. (ECF No. 29.) Also before this Court is Adriano's Motion for Attorney's Fees. (ECF No. 25.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth herein and for good cause shown, the Commissioner's Motion for Reconsideration is **DENIED** and Adriano's Motion for Attorney's Fees is **ADMINISTRATIVELY TERMINATED**.

**I.    BACKGROUND**

The underlying facts are set forth at length in the Court's July 31, 2020 Opinion (ECF No. 23), from which the Commissioner seeks reconsideration. In the interest of judicial

economy, the Court refers the parties to that opinion for a full recitation of the factual background of this dispute. (*See id.*)

Briefly, this case stems from Adriano's claims for social security benefits. (*See id.* at 1) Adriano applied for, but was subsequently denied, supplemental security income. (*Id.* at 2) She filed a request for reconsideration, which was also denied. (*Id.*) She then filed a request for a hearing and received one before ALJ Ayers, who found Adriano was not disabled under the Social Security Act and was not entitled to disability insurance or SSDI benefits. (*Id.*) Adriano filed a Request for Review of ALJ Ayers' decision with the Appeals Council, which denied her request. (*Id.*) After this denial and final agency decision, Adriano filed an appeal with this Court on August 16, 2018. (*Id.*)

On appeal before this Court, Adriano argued ALJ Ayers failed to properly assess, classify, or consider her diagnosis of fibromyalgia as required in step two and failed to determine a medical equivalent to her impairments from the Commissioner's list of impairments as is required in step three. (*Id.* at 8.) The Commissioner argued the ALJ's assessment of Adriano's diagnosis was consistent with the evidence since her treating physician found her fibromyalgia "should not limit her ability to function." (*Id.* at 9 (quoting Commissioner's Br. (ECF No. 22) at 9).) This Court found the ALJ did not err at step two, but "the ALJ's inquiry in step three failed to consider Adriano's fibromyalgia in combination with her other impairments" and remanded the matter for the ALJ to conduct that review. (*Id.* at 9–10.) On August 11, 2020, Adriano filed a Motion for Attorney Fees.[1] (ECF No. 25.) On August 14, 2020, the Commissioner filed a Motion for

---

[1] Adriano's Motion for Attorney's Fees was filed before the Commissioner's Motion for Reconsideration. (*See* ECF Nos. 25 and 26.) The Motion was made pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"). (*See generally* ECF No. 25.) On August 14, 2020, the Commissioner filed a letter with this Court requesting a stay of Adriano's Motion for Attorney Fees pending resolution of the Motion for Reconsideration. (ECF No. 27.) In Adriano's

Reconsideration of this Court's July 31, 2020 Opinion and Order. (ECF No. 26.) On September 8, 2020, Adriano opposed the Commissioner's Motion. (ECF No. 29.)

## II.   LEGAL STANDARD

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010). The comments to that rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. A. No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014). A court commits clear error of law "only if the record cannot support the

---

opposition to the Commissioner's Motion for Reconsideration, Adriano requested the Court "allow [her] to amend her EAJA petition . . . to reflect the additional time expended by her attorneys to defend the Court's" July 31, 2020 Opinion. (ECF No. 29 at 6.) As indicated in the accompanying Order, the Court will terminate Adriano's Motion for Attorney's Fees (ECF No. 25) and Adriano will be permitted to file a new EAJA petition reflecting the additional attorney fees incurred in addressing the Commissioner's Motion for Reconsideration.

3

findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* (citing *Grape*, 549 F.3d at 603–04).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *Schiano v. MBNA Corp.*, Civ. A. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, [] and should be dealt with through the normal appellate process[.]") (citations omitted); *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988).

### III. DECISION

The Commissioner argues reconsideration of the Court's decision to remand this matter to the ALJ. The Commissioner contends the Court erred in remanding the case because it concluded a possibility existed that Adriano's fibromyalgia combined with her rheumatoid arthritis could equal a listing, especially after finding Adriano's fibromyalgia did not prevent her from fully functioning and noting Adriano's rheumatoid arthritis did not meet or equal a listing on its own. (ECF No. 26-1 at 1.) First, the Commissioner argues the Court correctly concluded the medical evidence supported the finding that Adriano's fibromyalgia should not limit her ability to function,

especially considering the conclusion of Adriano's treating rheumatologist, Dr. Morgan. (*Id.* at 2.) Second, the Commissioner argues the Court was satisfied with the "ALJ's finding that Adriano's rheumatoid arthritis in itself did not meet or equal Listing 14.09D (inflammatory arthritis) and Adriano did not argue otherwise." (*Id.* at 3.) Third, the Commissioner contends "combining the rheumatoid arthritis . . . with fibromyalgia . . . can never meet or be equivalent to marked functional limitations" and "controlling agency policy requires medical evidence showing equivalence of *all* Listing criteria." (*Id.* at 3.) Last, the Commissioner asserts the Court made a "factual mistake" when it believed the ALJ did not consider Adriano's physical impairments in combination, because "[t]he ALJ specifically highlighted that finding in heading number 3 and did so in bold typeface, concluding that Adriano's impairments or 'combination of impairments' did not meet or equal the severity of any of the listed impairments." (*Id.* at 3–4 (citing Tr. 17).)

Adriano responds, arguing there are no grounds for reconsideration because the Court properly found the ALJ "took no note or consideration of [fibromyalgia] in its articulated analysis at step 3." (ECF No. 29 at 2.) Next, Adriano contends Dr. Morgan's entire report "strengthens the Court's considered suspicion that 'the possibility exists' of the combination of impairments equaling an impairment." (*Id.* at 3–4 (citing ECF No. 23 at 16).) Further, Adriano asserts the Commissioner's second argument "doesn't entertain any error because it doesn't entertain the Court's actual remand finding." (*Id.* at 4.) Then, Adriano argues her main step 3 argument and the Court's remand opinion "are ignored in favor of adamant conclusions based solely on the Commissioner['s] view of the evidence and the Court's apparently unacceptable unfamiliarity" with agency policy. (*Id.* at 4.) Last, Adriano notes the Commissioner's reference to "heading number 3" does not provide any evidentiary discussion. (*Id.* at 5.)

In sum, the Commissioner does not take issue with the Court's individual determinations

about Adriano's fibromyalgia and rheumatoid arthritis. Instead, the Commissioner argues the Court only erred in finding the ALJ failed to rule out the possibility that Adriano's fibromyalgia and rheumatoid arthritis, when considered together, could result in a listed impairment. That is, the Commissioner's motion rests solely on the contention that the Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. (*See* ECF No. 26-1 at 1 ("The Commissioner rarely requests reconsideration under Local Civil Rule 7.1, but must do so here to correct a clear error of law and fact.").)

In choosing to remand the ALJ's decision, the Court compared the ALJ's consideration of Adriano's mental impairments with his consideration of her physical impairments. (ECF No. 23 at 15–16.) While the Court found the ALJ properly performed the "in-combination review required at step three" for Adriano's mental impairments, the same review was not performed for Adriano's physical impairments. (*See id.*) The ALJ provided the following analysis for Adriano's mental impairments:

> The severity of the claimant's mental impairments, *considered singly and in combination*, do not meet or medically equal the criteria listings 12.04 and 12.06. In making this finding, the undersigned has considered whether the "paragraph B" criteria are satisfied . . . . In the matter at hand, the undersigned has found that the claimant possesses moderate limitations in understanding, remembering, or applying information, no limitations in interacting with others, moderate limitations in concentrating, persisting, or maintaining pace, and has no limitations in adapting or managing oneself. The undersigned has made this assessment on the basis of a psychiatric examination whereby the claimant was able to respond to simple numerical calculations, was able to respond to problem-solving tasks, demonstrated good recall ability, presented with at least average intelligence and responded well to questions that assessed her social planning ability and judgment. It was also noted that the claimant did not report poor memory, attention or concentration skills but some deficiency was observed in a later observation. (Exhibits 19F, 27F). Since the claimant's mental impairment does not cause at least two "marked" limitations or one "extreme" limitation, the "paragraph B" criteria are not satisfied.

(ALJ Hearing Decision, Tr. 17–18 (emphasis added).)

In assessing Adriano's physical impairments, the ALJ found "the medical evidence does not support a finding of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis" and concluded Adriano "failed to meet or equal listing 1.04." (Tr. 17). Additionally, the ALJ found:

> The claimant's rheumatoid arthritis does not satisfy the requirements of Listing 14.09 because there is no persistent inflammation or deformity resulting in an inability to ambulate effectively or perform fine and gross movements effectively. Nor is there involvement of two or more organs/body systems to at least a moderate level of severity with severe fatigue, fever, malaise or weight loss. There is also no spondyloarthropathies with ankylosis of the spine. Lastly, there are no constitutional symptoms or signs with marked limitation in activities of daily living, social functioning or completing tasks in a timely manner due to deficiencies in concentration, persistence or pace.

(*Id.*)

The ALJ, despite concluding Adriano "does not have an impairment or combination of impairments that meets or medically equals the severity" of a listed impairment, did not analyze whether Adriano's diagnosed rheumatoid arthritis, either singly or in combination with her fibromyalgia, could satisfy the requirements of Listing 14.09 for inflammatory arthritis. (*See id.* at 17–18.) "At step three, an ALJ must consider whether a claimant's impairments individually or in combination equal any of the listed impairments." *Nordone v. Comm'r of Soc. Sec.*, Civ. A. No. 20-4313, 2021 WL 753930, at *11 (D.N.J. Feb. 26, 2021) (citing *Nova v. Comm'r of Soc. Sec.*, Civ. A. No. 15-7728, 2017 WL 1365005, at *6 (D.N.J. Apr. 10, 2017)). An ALJ can fulfill this obligation if they "explicitly indicate[] that [they have] done so and there is 'no reason not to believe [them].'" *Granados v. Comm'r of Soc. Sec.*, Civ. A. No. 13-781, 2014 WL 60054, at *9 (D.N.J. Jan. 7, 2014) (quoting *Morrison ex rel. Morrison v. Comm'r of Soc. Sec.*, 268 F. App'x 186, 189 (3d Cir. 2008)). The ALJ's analysis at step three must include "an analysis of whether

and why [the claimant's] impairments, or those impairments combined, are or are not equivalent in severity to one of the listed impairments." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000). In *Nordone*, the court found the ALJ properly considered the claimant's impairments in combination when he stated the claimant did not have an impairment or combination of impairments that met the severity of a listed impairment, and "provided statements concerning the combined effect of [the claimant's] impairments." 2021 WL 753930, at *11. Here, regardless of whether the ALJ explicitly stated he considered Adriano's impairments in combination, he did not provide any statements concerning the combined effect of Adriano's fibromyalgia and rheumatoid arthritis. (*See* Tr. 17.) As such, the Commissioner has not demonstrated the Court's holding was without support in the record or would result in "manifest injustice" if not addressed. *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. Accordingly, the Commissioner's Motion to Reconsider this Court's July 31, 2020 Order and Opinion is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, the Commissioner's Motion for Reconsideration is **DENIED** and Adriano's Motion for Attorney's Fees is **ADMINISTRATIVELY TERMINATED**. An appropriate order follows.


**Date: June 30, 2021**                              */s/ Brian R. Martinotti*
                                                              **HON. BRIAN R. MARTINOTTI**
                                                              **UNITED STATES DISTRICT JUDGE**