<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SHERI L. ADRIANO,** | |
| Plaintiff, | Civil Action No. 18-12854 (ZNQ) (BRM) |
| v. | |
| **KILOLO KIJAKAZI,**<br>**Acting Commissioner of Social Security,** | **OPINION** |
| Defendant. | |

<u>**QURAISHI, District Judge**</u>

This matter comes before the Court upon a Motion for Attorney's Fees filed by Plaintiff Sheri L. Adriano ("Adriano.") (ECF No. 35.) Adriano submitted a brief in support of the Motion. ("Moving Br.," ECF No. 35-3.) Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, (the "Commissioner") filed an Opposition, and a supporting memorandum. ("Opp'n Br.," ECF No. 38.) Adriano filed a Reply Letter. (ECF No. 39.)

The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's Motion for Attorney's Fees will be DENIED.

**I.    <u>BACKGROUND AND PROCEDURAL HISTORY</u>**

The underlying facts are set forth at length in the Court's July 31, 2020 Opinion. (ECF No. 23.; *See generally Adriano v. Saul*, Civ. No. 18-12854, 2020 WL 4382281 (D.N.J Jul. 30, 2020)). The Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

On August 11, 2020, Adriano filed a Motion for Attorney's Fees pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"). Shortly thereafter, on August 14, 2020, the Commissioner filed a Motion for Reconsideration of the Court's July 31, 2020 Opinion and Order. (ECF No. 26.)  Additionally, the Commissioner filed a letter to this Court requesting a stay of Adriano's Motion for Attorney Fees pending resolution of the Motion for Reconsideration. (ECF No. 27.)  Thus, in opposition to the Commissioner's Motion for Reconsideration, Adriano requested the Court to allow her time to amend her EAJA petition to reflect the additional time expended by her attorneys to defend the Commissioner's Motion for Reconsideration. (ECF No. 29.)  On June 30, 2021, the Court (1) denied the Commissioner's Motion for Reconsideration, (2) administratively terminated Adriano's Motion for Attorneys' Fees, and (3) permitted Adriano to file a new EAJA petition to reflect the attorneys' fees incurred in addressing the Commissioner's Motion for Reconsideration. (ECF No. 33.)  Thereafter, on July 2, 2021, Adriano filed a new Motion for Attorneys' fees. (ECF No. 35.)

## II. **LEGAL STANDARD**

Congress promulgated the EAJA to ensure that "persons will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in the vindication of their of rights." *Johnson v. Gonzales*, 416 F.3d 205, 208 (3d Cir.2005) (citation omitted). The EAJA, in pertinent part, provides that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

2

28 U.S.C. § 2412(d)(1)(A). For a court to award attorney's fees, it must find that the plaintiff is the prevailing party, that the position of the Commissioner is not substantially justified, that no special circumstances would make an award unjust, and that the motion for attorneys' fees was filed within 30 days of final judgment. *See* 28 U.S.C. §§ 2412(d)(1)(A) & (B).

### III. JURISDICTION

As a preliminary matter, the Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331.

### IV. DISCUSSION

#### A. Prevailing Party

A plaintiff is a prevailing party if "the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit . . . sought in bringing suit." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The court has authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A plaintiff who obtains such a judgment, commonly referred to as "sentence four judgment," meets the prevailing party requirement. *Ruiz v. Comm'r of SS*, 189 Fed.Appx. 112, 113 (3d Cir.2006).

The Commissioner does not contest that Adriano is the prevailing party. (Opp'n Br. at 3); *See Ruiz v. Comm'r of SS*, 189 Fed.Appx. at 113. Instead, the Commissioner argues that Adriano's requests for attorney's fees should be denied because the Commissioner's position was substantially justified under the EAJA. (Opp'n Br. at 3.)

#### B. Substantial Justification

A court will not award EAJA fees if it finds that the government was "substantially justified" in its position. *Dixon v. Comm'r of SS*, Civ. No. 10-5703, 2013 WL 5299561, *2 (D.N.J. Sep. 18, 2013). The government has the burden of demonstrating substantial justification and must show "more than that [its] position was merely reasonable." *Taylor v. Heckler*, 835 F.2d 1037, 1041–42 (3d Cir.1987). Essentially, the Government's justification for its position must be "to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988).

Here, Adriano argues that the Commissioner cannot meet the burden of proving substantial justification because the Court previously found that the ALJ's decision was not supported by substantial evidence. (Moving Br. at 2.) On the other hand, the Commissioner argues that although Adriano prevailed on the merits, the agency was substantially justified in defending its position. (Opp'n Br. at 2.)

The Third Circuit has established that to defeat a prevailing party's application for fees, the government must demonstrate that there was "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan v. Perry*, 142 F.3d 670,684 (internal citation omitted). Furthermore, "a court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." *Id*. at 685. Rather, when deciding whether the government is substantially justified, courts should determine whether the government's position has a reasonable basis in both fact and law. *Id*. at 684.

In remanding the matter for further consideration, the Court explicitly noted that,

> [i]t is apparent fibromyalgia is the fulcrum upon which Adriano's entire appeal rests. The failures she alleges in steps two, three and five of the evaluation process all center on her fibromyalgia and her allegation that the ALJ erred in denying her benefits because the

4

> ALJ failed to appropriately consider her fibromyalgia among the constellation of her claimed impairments. The Court disagrees with Adriano as to any failure by the ALJ at step two but concludes the ALJ's inquiry in step three failed to consider Adriano's fibromyalgia in combination with her other impairments.

*Adriano*, 2020 WL 4382281 at *12. Moreover, the Court explained that,

> "…from reading the ALJ's decision as a whole it is incorrect to argue the ALJ failed to make the determination about the severity of Adriano's fibromyalgia impairment required by step two. The ALJ's decision analyzed and evaluated relevant medical evidence to determine that while Adriano's RFC categorization was "less than the full range of sedentary work," her fibromyalgia "should not limit one's ability to fully function." (internal citations omitted.) As an impairment is not considered to be severe as contemplated by 20 C.F.R. § 404.1520(c), which governs the step-two analysis, if it "does not significantly limit their physical or mental ability to do basic work activities," it is clear why the ALJ concluded Adriano's fibromyalgia was not a severe impediment.

*Id*. at *16.  Ultimately, the Court concluded that the ALJ did not consider whether Adriano's fibromyalgia constituted an impairment medically equivalent to Listing 14.09D.  *Id*. at *22.  While, by itself "the Court could consider this harmless error, because the ALJ's decision read as a whole makes clear the ALJ did not consider Adriano's fibromyalgia to limit Adriano's functionality," the Court is uncertain as to whether the ALJ considered Adriano's fibromyalgia in combination with her other physical impairments at step three.  *Id*. at *23.

Additionally, when the Court denied the Commissioner's Motion for Reconsideration, the Court reasoned, "that regardless of whether the ALJ explicitly stated he considered Adriano's impairments in combination, he did not provide any statements concerning the combined effect of Adriano's fibromyalgia and rheumatoid arthritis." *Adriano v. Saul*, Civ. No. 18-12854, 2021 WL 2680240 *11 (D.N.J June 30, 2021.)  Therefore, the Court held that the Commissioner has failed

5

to demonstrate that the Court's July 31, 2020 decision was without factual support or would result in "manifest injustice." *Id*.

Now, the Commissioner argues that while the Court's previous concern regarding whether or not the ALJ considered Adriano's impairments *in combination* may have been an appropriate basis for remand, the agency's position was reasonable and substantially justified. (Opp'n Br. at 5.) The Commissioner contends that district courts within the Third Circuit have held that EAJA fees are not warranted when an ALJ has discussed or considered a challenged impairment, but remand was ordered because the court was not satisfied with the thoroughness of the ALJ's explanation at a particular step. *Id*. at 6. In Reply, Adriano argues that the ALJ's findings were not based on substantial evidence and resulted in the unjustified denial of Adriano's disability application. (Reply Letter at 4.)

The Third Circuit has held that substantial justification "constitute[s] a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous." *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985) (citing *Dougherty v. Lehman*, 715 F.2d 555, 563 n.12 (3d Cir. 1983)). Here, unlike when the ALJ expressly stated that "the severity of the claimant's mental impairments, considered singly and *in combination*, do not meet or medical equal the criteria of listings 12.04 and 12.06," the Court found that the ALJ did not consider whether Adriano's fibromyalgia was considered singly and "in combination." 2021 WL 2680240 at *23. Further, the Court noted that while the ALJ assessed Adriano's fibromyalgia when it determined that it did not limit Adriano's functionality, the Court deemed remand appropriate because an ALJ is required to set forth the reasons for a decision and cannot rely on a bare conclusory statement that an impairment did not match, or is not equivalent to, a listed impairment. *Id*. at *22; *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119–20 (3d Cir.

2000). The Court finds that the Commissioner's position was reasonable in both law and fact because remand was merely ordered for further elaboration. The Court agrees with the Commissioner and finds that EAJA fees are not appropriate, even though the Court remanded the ALJ's decision because it was not supported by substantial evidence. *See Morgan v. Perry*, 142 F.3d 670, 685 (3d Cir. 1998); *Ferreiro v. Comm'r of Soc. Sec.*, 2018 WL 4896016, at *2 (D.N.J. Oct. 5, 2018) (rejecting claim for EAJA fees where the ALJ "discussed" mental limitations, but remand was appropriate because the ALJ did not "explicitly" include them in the hypothetical to the vocational expert).

As such, Adriano, although a prevailing party, is not entitled to an award of attorneys' fees under EAJA. The motion for attorney's fees is denied.[1]

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees will be DENIED. (ECF No. 35.) An appropriate Order will follow.

Date: **February 8, 2023**

s/ Zahid N. Quraishi<br>
**ZAHID N. QURAISHI**<br>
**UNITED STATES DISTRICT JUDGE**

---

[1] Pursuant to 28 U.S.C. §§ 2412(d)(1), neither party has argued that special circumstances would make an award unjust or that the petition failed to meet the filing deadline, thus the Court will not address such elements.